

**The following constitutes
the order of the court. Signed June 7, 2012**

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>KAREN HATTORI,<br><br>             Debtor. | Case No. 11-56789 CN<br>Chapter 13<br><br>**MEMORANDUM DECISION GRANTING MOTION FOR RELIEF FROM STAY** |
|---|---|

      On May 16, 2012, this court conducted a preliminary hearing on a motion for relief from stay in the above Chapter 13 case, which this court also deemed to be a final hearing under Bankruptcy Code § 362(e)(1). All appearances were made on the record. The following constitutes this court's findings of fact and conclusions of law under F.R.B.P. 7052.

      On July 20, 2011, chapter 13 debtor Karen Hattori filed this Chapter 13 case. When she filed her bankruptcy, Hattori listed on her Schedule A a fee interest in real property located at 19225 Creek Side Lane, Salinas, California, which was her principal residence (the "Creek Side Property"). She valued the Creek Side Property at $255,000, and listed a first deed of trust which secured a promissory note with a $425,681 balance (the "Promissory Note"). When she filed her bankruptcy, Hattori was in default under the Promissory Note.

      On April 25, 2012, Aurora Loan Services LLC ("Aurora") filed a motion seeking stay relief to enforce its first deed of trust against the Creek Side Property. Its supporting declaration provided competent evidence that there was no equity in the Creek Side Property and that Hattori had not made any post-petition payments on the Promissory Note (a total of nine months, representing $19,294.62). Aurora's supporting declaration, and its attached exhibits indicated that the Promissory

1

MEMORANDUM DECISION GRANTING MOTION FOR RELIEF FROM STAY
Case: 11-56789   Doc# 22   Filed: 06/07/12   Entered: 06/07/12 14:34:11   Page 1 of 5

Note and deed of trust had been assigned to Aurora. The lack of equity and missed post-petition payments constituted cause under § 362(d) to grant relief from stay.

Hattori, however, opposed the motion, arguing that Aurora lacked prudential standing to seek relief from stay.

Aurora's relief from stay motion demonstrated that Hattori borrowed $410,000.00 from Homecomings Financial, LLC ("Homecomings") on or about October 17, 2006, and secured this loan with a deed of trust against the Creek Side Lane Property. MERS was the designated beneficiary under the deed of trust. The Promissory Note, which is also dated October 17, 2006, lists Homecomings as the lender. The Promissory Note's last page contains two endorsements: from Homecomings to Residential Funding Company LLC, and then from Residential Funding Company LLC to Deutsche Bank Trust Company Americas, Trustee ("Deutsche Bank"). An allonge attached to the Promissory Note indicates that Deutsche Bank then transferred the Promissory Note to Aurora. Neither the promissory note endorsements nor the allonge are dated. Aurora's supporting declaration states that it has the original promissory note, and that the copy of the promissory note attached to its supporting declaration is a "current copy of the promissory note."

Finally, Aurora provided this court with a copy of a "Corporate Assignment of Deed of Trust," recorded on October 7, 2010, which assigned the deed of trust from MERS to Aurora. There is no documentation demonstrating that the deed of trust was assigned to Residential Funding Company, LLC or Deutsche Bank.

Hattori disputes Aurora's prudential standing to seek relief from the automatic stay. Hattori provided this court with copies of correspondence from the McGinnis Tessitor Wutscher LLP law firm, dated June 13, 2011, which apparently responded to various notices that Hattori had sent or served on Aurora. The law firm's June 13th correspondence stated that Deutsche Bank currently owned the Promissory Note. Hattori also provided a copy of the Promissory Note which she apparently received on June 16, 2011 from "Quality Loan Service Corporation." This copy of this promissory note only contained a blank endorsement by Homecomings. Hattori did not, however, attach a copy of the cover letter from Quality Loan Service Corporation ("Quality Loan").

Based on the apparent disparity between Aurora's stay relief exhibits and her June 2011

**MEMORANDUM DECISION GRANTING MOTION FOR RELIEF FROM STAY**
Case: 11-56789   Doc# 22   Filed: 06/07/12   Entered: 06/07/12 14:34:11   Page 2 of 5

correspondence (Hattori filed her Chapter 13 bankruptcy on July 20, 2011), Hattori speculates that the "good people at Residential Funding Company, LLC rubber-stamped "RESIDENTIAL FUNDING COMPANY, LLC" into the blank space above Katie Dickenson's signature on the original indorsement, added Judy Fabor's rubber stamp indorsing the note from Residential Funding Company, LLC to Deutsche Bank Trust Company Americas as Trustee, and then executed the Allonge purportedly as attorney in fact for Deutsche Bank Trust Company Americas as Trustee."

Hattori also objected to the admissibility of the Promissory Note attached to Aurora's declaration, arguing that Federal Rule of Evidence 1003 authorizes the admissibility of a duplicate unless a genuine question is raised as to the authenticity of the original or circumstances deem it to be unfair to admit the duplicate in lieu of the original. Hattori argues that the copy of the Promissory Note which she received from Quality Loan was endorsed in blank, leading her to believe that Aurora, Residential Funding or some other party added the other endorsements to create the fiction that Aurora has prudential standing

The court rejects Hattori's speculation and grants relief from stay. Under *In re Veal*, 450 B.R. 897 (BAP 9th Cir. 2011), Aurora must demonstrate that it is a person entitled to enforce the promissory note under Article 3 of the Uniform Commercial Code or that it has some ownership or other property interest in the Promissory Note. Significantly, a party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate. The evidence before this court establishes a colorable claim. Aurora's declaration and exhibits provide competent evidence that Aurora has the original Promissory Note, which contains the endorsements described above. The endorsements and Aurora's possession of the note render Aurora a person entitled to enforce the note.

Moreover, Hattori's declaration and exhibits are not necessarily inconsistent with Aurora's claim of standing. The letter and enclosures from the McGinnis, Tessitor law firm indicate that in June 2011, Deutsche Bank, as Trustee, owned the Promissory Note. There is no reason for this court to conclude that in the interim, Deutsche Bank did not endorse the Promissory Note to Aurora, as the Promissory Note attached to Aurora's declaration indicates. In addition, Hattori's declaration does not raise a question regarding authenticity under Federal Rule of Evidence 1003. Hattori does not

argue that the original Promissory Note is not identical to the copy provided by Aurora. Instead, she contends that Aurora added the endorsements (with or without the approval of the prior holders) to create the appearance of standing. The evidence presented by Hattori is speculative in nature, and does not sufficiently undermine Aurora's colorable claim of standing. As stated above, there is no evidence that Deutsche Bank did not endorse the Promissory Note to Aurora. Moreover, without the cover letter from Quality Loan, this court cannot know why Quality Loan forwarded a copy of the Promissory Note to Hattori, who Quality Loan is, and whether Quality Loan represented to Hattori that it was enclosing the most recent version of the Promissory Note.

Finally, this court notes that MERS directly assigned the deed of trust to Aurora, and that no evidence was presented that the deed of trust was assigned to any of the intermediate parties. "Because the lien of the trust deed is merely an incident of the debt, the assignment by endorsement and delivery of the promissory note accomplishes the transfer of the security without the necessity of a formal assignment of the trust deed itself." 4 Miller & Star, California Real Estate § 10:38 (3d ed. 2011). Ultimately, MERS did assign the deed of trust to Aurora.

Accordingly, this court grants Aurora's motion for relief from stay against the Creek Side Lane Property. Aurora is directed to submit an appropriate order.

* * * END OF ORDER * * *

4
MEMORANDUM DECISION GRANTING MOTION FOR RELIEF FROM STAY
Case: 11-56789    Doc# 22    Filed: 06/07/12    Entered: 06/07/12 14:34:11    Page 4 of 5

Case No. 11-53282 CN

**<u>COURT SERVICE LIST</u>**

Karen Hattori
19225 Creekside Lane
Salinas, CA 93908

**MEMORANDUM DECISION GRANTING MOTION FOR RELIEF FROM STAY**